AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| United States of America<br>v.<br>KENNETH HOLLAND<br><br>Defendant(s) | ) ) ) ) Case No. 18-195M ) ) ) ) |

**SEALED** unsealed 10/10/18

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 12, 2018,__ in the counties of __Kent and Sussex__ in the _____ District of __Delaware__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of Firearm by a Person Convicted of a Felony |
| 21 U.S.C. §§ 841(a), 841 (b)(1)(C) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

See attached Affidavit, fully incorporated herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Sally Koeplin, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/9/2018

_____
Judge's signature

City and state: Wilmington, Delaware

The Honorable Sherry R. Fallon
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sally Koeplin, being duly sworn, assert that the following information is true to the best of my knowledge, information, and belief:

### INTRODUCTION AND BACKGROUND OF AFFIANT

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since January of 2016. I am currently assigned to the Wilmington, Delaware Field Office within the Baltimore Field Division. I am a graduate of the Federal Law Enforcement Training Center's Basic Criminal Investigator Program and the ATF's Special Agent Basic Training Program. Prior to your Affiant's employment with ATF, your Affiant was a sworn law enforcement officer with the Uniformed Division of the United States Secret Service for over five (5) years. During the course of your Affiant's law enforcement career, your Affiant has received law enforcement training on the investigation of firearms and narcotics offenses. Your Affiant has participated in numerous investigations of firearms and narcotics offenses and has participated in the seizure of firearms and illegal narcotics. Your Affiant has also had numerous conversations with police officers and Federal agents about the facts and circumstances of firearms and narcotics offenses.

1. In that capacity, I am currently assigned as a case agent in the investigation of KENNETH HOLLAND ("HOLLAND"). I make this Affidavit in support of a criminal complaint for HOLLAND, for Possession of a Firearm by a Person Prohibited, in violation of 18 U.S.C. § 922(g)(1), and for Distribution and/or Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), specifically a mixture and substance containing a detectable amount of heroin (the "SPECIFIED FEDERAL OFFENSES").

2. All information contained in this Affidavit is either personally known by me or has

been related to me by other law enforcement agents unless otherwise indicated. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause that HOLLAND violated one or more of the SPECIFIED FEDERAL OFFENSES as indicated below.

## THE SPECIFIED FEDERAL OFFENSES

3. Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful to possess a firearm, in and affecting interstate and/or foreign commerce, after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

4. Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), it is unlawful to knowingly or intentionally distribute or possess with intent to distribute a controlled substance, including heroin.

## FACTS IN SUPPORT OF PROBABLE CAUSE

5. On or about September 12, 2018, members of the ATF Task Force met with two confidential informants (CI) for the purposes of purchasing heroin and the possible purchase of firearms from HOLLAND. The CIs were equipped with a recording/monitoring device and a video recording device that captured video of the inside of the CIs' vehicle. Those devices allowed members of the ATF Task Force to contemporaneously monitor the CIs' interactions with HOLLAND. The CIs and their vehicle were searched with negative results. The CIs were provided with pre-recorded United States Currency.

6. The CIs met HOLLAND at the Dover Downs Hotel and Casino, 1131 North Dupont Highway, Dover, Delaware. At that location HOLLAND entered the CIs' vehicle and exchanged United States Currency for a substance that later field tested positive for a detectable

amount of heroin. During the meeting the CIs and HOLLAND also discussed the sale of firearms. HOLLAND stated that he could acquire firearms for sale and that he would contact the CIs if he could acquire one that day.

7. After the transaction the CIs returned to members of the ATF Task Force to turn over the purchased heroin. At this time HOLLAND contacted the CIs via cellphone to inform them that he did have a firearm for sale but that they would have to follow him to Milford, Delaware for the transaction.

8. While under surveillance the CIs met with HOLLAND in Dover and then followed HOLLAND to the parking lot of the Redner's Grocery Store, 28253 Lexus Drive, Milford, Delaware.

9. While at the above location HOLLAND first met with an unknown subject, then entered the CIs' vehicle, and subsequently removed a handgun that he carried in an article of clothing. HOLLAND sold the CIs a Jennings .22 caliber handgun bearing serial #428800.

10. A review of HOLLAND's criminal history revealed that he has numerous felony convictions in the State of Delaware. Those convictions include but are not limited to a conviction for Possession With Intent to Deliver Cocaine in Kent County (Delaware) Superior Court on November 9, 2007, in case# 0605016750, a crime punishable by a term of imprisonment exceeding one year.

11. From my training and experience, your Affiant also knows that the above-mentioned firearm was manufactured in a state other than Delaware such that its presence in Delaware would have necessarily required it to cross state lines prior to coming into HOLLAND's possession in Delaware. HOLLAND's possession of that firearm in Delaware and subsequent sale of that fire arm to the CIs in Delaware therefore affected interstate and/or foreign commerce.

12. Law enforcement officials determined that the amount of heroin purchased from HOLLAND by the CIs was approximately 650 bags with an estimated weight of 4.55 grams. A field test later confirmed that the substance HOLLAND sold to the CIs contained a detectible amount of heroin.

## CONCLUSION

13. Based on the foregoing factual information, I submit that there is probable cause to believe that the Defendant KENNETH HOLLAND has violated the SPECIFIED FEDERAL OFFENSES indicated above. Therefore, I respectfully request that the Court issue a Criminal Complaint charging those offenses.

Respectfully submitted,

Sally Koeplin
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me on this 9th day of October, 2018

HONORABLE SHERRY R. FALLON
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF DELAWARE

4